UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 13** |
| William L. Dawson, Jr. | ) | Case No.: 16-10086 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Annie Cilley, the Special | ) | |
| Administrator for the | ) | Adv. Proc. No. 16-1010 |
| Estate of Veronica | ) | |
| Pendleton | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| William L. Dawson, Jr. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION**

**I.  INTRODUCTION.**

This matter raises the question of what, if any, jurisdiction the bankruptcy court has over an adversary proceeding after a Chapter 13 debtor voluntarily dismisses his case. The specific dilemma is whether a creditor can proceed in an adversary proceeding to determine the dischargeability of a debt against a debtor who has voluntarily dismissed his Chapter 13 case.  After consideration of the parties' papers and their arguments, I conclude the answer is "no" based on the particular facts here for the reasons set forth below.

1

**II. JURISDICTION AND VENUE.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and United States District Court for the District of Maine Local Rule 83.6(a). This is a core proceeding under 28 U.S.C. §§ 157(2)(I). Venue here is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

**III. BACKGROUND.**

On February 23, 2016, William L. Dawson, Jr. (the "Debtor") and his wife voluntarily filed a joint petition for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code.[1] The lion's share of the Debtor's debts was for criminal restitution claims arising from the Debtor's convictions for stealing money from his elderly law clients. On June 6, 2016, plaintiff Annie Cilley, the special administrator for one of his victims, commenced this adversary proceeding against the Debtor to obtain a determination that her claim against the Debtor, premised upon state court restitution judgment, is not dischargeable pursuant to § 523(a)(4) and § 1328(a)(3).[2] Nine days later, the Dawsons severed their joint bankruptcy into two separate cases. Shortly afterwards, the Debtor requested that the court dismiss his underlying bankruptcy case pursuant to § 1307(b) and on August 1, 2016, it was dismissed, without prejudice.

---

[1] All references to the "Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

[2] On the following day, Acadia Trust, N.A. brought a similar adversary proceeding against the Debtor on behalf of the Estate of Doris R. Schmidt. <u>Acadia Trust, N.A. Personal Representative for the Estate of Doris Schmidt v. William Dawson</u>, Adv. Pro. No.: 16-01011.

This court entered an order to show cause on August 18, 2016 ordering the parties to explain why this adversary proceeding should not be dismissed without prejudice.[3] The parties responded by filing papers in support of their positions.

**IV. DISCUSSION.**

Article III of the Constitution limits federal court jurisdiction to actual cases and controversies. Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or been threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (*citing* Allen v. Wright, 468 U.S. 737, 750-751 (1984)). The case or controversy must exist through all stages of the case, from the filing of the complaint in the first instance, through final adjudication and, ultimately, through any review by an appellate tribunal. Id.

This jurisdictional limitation is regularly recognized in the bankruptcy context. *See, e.g.*, Bank of New England v. BWL, Inc., 121 B.R. 413 (D. Me. 1990) (dismissing as moot an appeal of an order authorizing debtor to borrow money on a superpriority basis where objecting party failed to obtain stay pending appeal and lender dispensed loan proceeds to debtor in good faith reliance upon bankruptcy court order). *See also*, Ruotolo v. Ruotolo, 572 F.3d 336 (1st Cir. 1978); In re Smith, 409 B.R. 1 (Bankr. D.N.H. 2009); Walton v. Salle Mae Educ. Credit Fin. Corp. (In re Walton), 340 B.R. 892, 893 (Bankr. S.D. Ind. 2006); (Murray Indus., Inc. v. Fed. Ins. Co. (In re Murray Indus., Inc.), 122 B.R. 135, 137 (Bankr. M.D. Fla. 1990).

---

[3] The court issued a similar order in the Acadia Trust proceeding and since no parties provided any such information, the Acadia Trust adversary proceeding was dismissed, without prejudice, on September 7, 2016.

By this adversary proceeding, Ms. Cilley seeks a determination that certain debts are exempt from any bankruptcy discharge the Debtor might obtain. The moment the Debtor dismissed his chapter 13 case and, therefore, ceased pursuing a discharge of *any* of his debts, the controversy presented by Ms. Cilley became moot. Given the dismissal of the Debtor's case, Ms. Cilley has already obtained all of the relief she could achieve from a declaration of non-dischargeability, except for the finality of a determination that the Debtor would *never* be able to obtain the protection of the stay or discharge injunction in some future bankruptcy filing. While I understand why she wants this additional relief, to grant it now would be premature and would amount to an advisory opinion exceeding the bounds of federal court jurisdiction proscribed by Article III of the Constitution. The determination of whether the Debtor should be entitled to discharge his restitution obligation to Ms. Cilley's client in a subsequent bankruptcy is simply too speculative to be properly considered now.

### V. CONCLUSION.

Based upon the foregoing, I conclude that the Debtor's dismissal of his chapter 13 case divested this court of any jurisdiction to entertain this adversary proceeding. As such, the pending proceeding is dismissed, without prejudice.

A separate order shall follow.

Date: December 16, 2016

                                                                                   _____
Peter G. Cary, Chief Judge
United States Bankruptcy Court